UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW A. STEPHENS, | : | |
| Petitioner, | : | Civ. No. 23-9889 (RBK) |
| v. | : | |
| WARDEN, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Petitioner, Matthew A. Stephens ("Petitioner" or "Stephens"), is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's habeas petition is summarily dismissed.

II.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is incarcerated at F.C.I. Fort Dix. Petitioner requests habeas relief so that he can be provided with psychology-based rehabilitative programs to help with his rehabilitation while incarcerated. He seeks either entry to those programs at his current place of incarceration, F.C.I. Fort Dix, or a transfer to another facility where he can participate in such programs.

III.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4

of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## IV.   DISCUSSION

As indicated above, Petitioner brings this habeas petition pursuant to 28 U.S.C. § 2241. Section 2241 jurisdiction exists where a federal prisoner challenges the execution of his sentence. *See McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)). Comparatively, when the challenge is to a condition of confinement where a finding in a plaintiff's favor would not alter his sentence or undo his conviction, a civil rights action is appropriate. *See id.* at 936 (citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)). Thus, in interpreting whether a case is properly brought as a habeas petition as opposed to a civil rights action, "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." *See id.*

Prisoners do not have a constitutional right to be assigned to a particular institution, facility or rehabilitative program. *See Podhorn v. Grondowlsky*, 350 F. App'x 618, 620 (3d Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). However, a key distinction courts have drawn is whether participation in a particular program may affect the duration of a prisoner's time incarcerated. *See Hussain v. Warden Allenwood FCI*, No. 22-1604, 2023 WL 2643619, at *2 (3d Cir. Mar. 27, 2023) (petitioner's claim that Federal Bureau of Prisons decision deeming in ineligible for home

confinement and rehabilitative programs based on erroneous or unconstitutional criteria were appropriately raised in a § 2241 habeas petition because the benefits could impact the duration of petitioner's time in prison).

In this case, Petitioner does not suggest that participation in any entry into the psychology programs he cites may then affect the fact or duration of his confinement. This is a key distinction in deciding whether to permit Petitioner's habeas petition to proceed. Thus, in those case, habeas petitions seeking a transfer to a different prison or entry into a particular rehabilitation program while incarcerated does not state a federal habeas claim and should be dismissed. *See Lee v. Williamson*, No. 07-1117, 2007 WL 2903238, at *4 (M.D. Pa. Sept. 28, 2007) (noting to extent petitioner sought habeas relief for being denied rehabilitation for his drug problem while in prison, such a claim is a conditions of confinement claim which is not cognizable as a habeas claim); *see also Brown v. Santoro*, No. 20-1775, 2020 WL 6685777, at *3 (C.D. Cal. Oct. 16, 2020), *report and recommendation adopted by*, 2020 WL 6681253 (C.D. Cal. Nov. 10, 2020), *aff'd by*, 837 F. App'x 557 (9th Cir. 2021) (citations omitted) (habeas claims challenging lack of access to rehabilitative or education programs while incarcerated are not cognizable on federal habeas review because they challenge conditions of confinement and do not implicate the fact or duration of confinement as success on such claims would not result in an immediate or speedier release from custody).

Given that Petitioner does not state that participation in the rehabilitation programs could affect the fact or duration of his confinement, his habeas petition will be summarily dismissed without prejudice. Petitioner is free to pursue a civil rights complaint on the issues he raises in this habeas petition pursuant *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

3

403 U.S. 388 (1971). Nevertheless, nothing in this Opinion should be construed as analyzing whether any possible civil rights complaint Petitioner may elect to file has merit.

V.  CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed without prejudice. An appropriate order will be entered.


DATED: November 13, 2023                                         s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge